**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| SCOTT M. GIRMSCHEID, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE LAW OFFICE OF KEVIN Z. SHINE, PLLC, and CACH, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 14-cv-1076<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Scott M. Girmscheid is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from him a debt allegedly incurred for personal, family or household purposes, namely an alleged personal credit card debt.

5. Defendant The Law Office of Kevin Z. Shine ("Shine") is a multi-state law firm with a principal place of business located at 5965 Transit Road, Suite 500, East Amherst, New York, 14051.

6. Shine is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Shine is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Shine is a "debt collector" as defined in 15 U.S.C. § 1692a.

8. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

9. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. CACH uses third party debt collectors and attorneys, including Shine, to collect allegedly defaulted debts that have been assigned to LVNV.

12. Upon information and belief, CACH is directly involved in the creation and mailing of the debt collection letters at issue in this action.

13. Moreover, a company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v.*

*Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

14. CACH, directly or indirectly or both, is a debt collector under the above arrangement and is jointly responsible for Shine's actions. 15 U.S.C. § 1692a(6).

**FACTS**

15. On or around June 9, 2014, Shine mailed a debt collection letter to Plaintiff regarding an alleged debt allegedly owed to CACH and allegedly previously owed to "Capital One, N.A." A copy of this letter is attached to this complaint as Exhibit A.

16. The alleged debt identified in Exhibit A was for an alleged personal credit card, used only for personal, family or household purposes.

17. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

18. Exhibit A displays Shine's law office letterhead.

19. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

20. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*; *see also Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

21. The Third Circuit has held that collection letters purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included a disclaimer of attorney involvement. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011).

22. Upon information and belief, neither attorney listed on Exhibit A, Kevin Z. Shine and Jason B. Desiderio, are licensed to practice law in the state of Wisconsin.

23. Upon information and belief, no attorney employed by Shine is licensed to practice law in the state of Wisconsin.

24. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Attorney Shine had not assessed the validity of the alleged debt to the standards required of an attorney.

25. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Attorney Shine had not reviewed any documentation underlying the alleged debt, including but not limited to, any contract, payment history or any other documents establishing or evidencing the alleged debt.

26. Upon information and belief, it is a common practice of large creditors and debt buyers like CACH to send a computer file with a batch of alleged accounts to the debt collection attorney.

27. Upon information and belief, this computer file often contains only bare-bones information, including, and often limited to, the purported balance, sometimes the purported interest rate, the purported account number, and the alleged debtor's name, address and phone number.

28. Upon information and belief, this computer file does not include any contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch.

29. Moreover, the format and language of the letter are virtually identical to other "attorney letters" mailed to consumers by other law firms who are attempting to collect debts owed to CACH.

30. For example, the letter in this action is nearly identical to a letter sent by a different law firm, attempting to collect an alleged debt owed to CACH. *Oravecz v. P. Scott Lowery*, Case No. 14-cv-637 (E.D. Wis., filed Jun. 3, 2014) (Dkt. No. 1-1, Exhibit A to the Complaint). The letters in both cases even contained virtually identical paragraphs:

> As you are aware from previous correspondence our office represents the above named creditor. We would like to relay to you that our office and client are willing to work with you during these difficult economic times. If you are experiencing financial difficulties, please contact us so that we can help you in working through the situation.

Exhibit A;

> As you are aware from previous correspondence, our office represents the above-named creditor, CACH, LLC. Our office and client are willing to work with you during these difficult economic times. If you are experiencing financial difficulties, please contact us so that we can help you in working through the situation.

*Oravecz*, 14-cv-637, Compl. Exhibit A.

31. Upon information and belief, CACH either drafts attorney letters such as Exhibit A or provides specific language and instructions as to the content of debt collection letters, to collection attorneys.

32. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Attorney Shine had not reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Shine, CACH, or a third party mailing company, generated and mailed the letters.

33. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Attorney Shine had not exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on her debt and a candidate for legal action, nor was Attorney Shine meaningfully involved in the decision to send Exhibit A to Plaintiff.

34. Upon information and belief, it is the common practice of Attorney Shine to not make a "considered, professional judgment" that legal action is appropriate on CACH accounts in states where Attorney Shine is not licensed to practice law until months after the dunning letters are mailed, if even then.

35. Upon information and belief, Attorney Shine had not personally reviewed each class member's collection letter in any meaningful sense, before the letter was mailed.

36. Upon information and belief, Attorney Shine had not made an individualized assessment of the class member's circumstances or liability, before Exhibit A was mailed to each class member.

37. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

38. The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

39. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

40. The Seventh Circuit has held that an attorney who sends debt collection letters without meaningfully reviewing each account and letter and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates

those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002); *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001).

**COUNT I – FDCPA**

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42. Exhibit A creates the false impression that Attorney Shine had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

43. Before mailing Exhibit A to Plaintiff and the class, Attorney Shine had no meaningful involvement with Plaintiff's or class members' alleged debts or the letters.

44. In fact, Exhibit A is a mass-produced, form letter, substantially created by CACH and mailed to consumers using primarily out-of-state attorney letterhead.

45. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635; .

**CLASS ALLEGATIONS**

46. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after September 3, 2013, (e) that was not returned by the postal service.

47. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

48. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

49. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

51. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

52. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 3, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue

Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com